**VONAGE HOLDINGS CORPORATION,**
**Appellee,**

MCI Worldcom Communications, Inc.; MCImetro Access Transmission Services, Inc., Intervenor Plaintiffs—Appellees

v.

The MINNESOTA PUBLIC UTILITIES COMMISSION; Leroy Koppendrayer; Gregory Scott; Phyllis Reha; R. Marshall Johnson, in their official capacities as the Commissioners of the Minnesota Public Utilities Commission and not as individuals, Appellants.

No. 04–1434.

United States Court of Appeals, Eighth Circuit.

Submitted: Nov. 17, 2004.

Filed: Dec. 22, 2004.

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

ORDER AND JUDGMENT

This case concerns a dispute over whether federal communications law preempts defendant/appellant the Minnesota Public Utilities Commission

("MPUC") from imposing common carrier telecommunications regulations on plaintiff/appellee Vonage Holdings Corporation ("Vonage") for its voice over the Internet protocol, or VoIP, service. The District Court, finding MPUC's proposed regulation preempted, issued a permanent injunction prohibiting MPUC from regulating Vonage in that manner. MPUC appealed the judgment to this Court.

On November 12, 2004, while this appeal was pending, the Federal Communications Commission ("FCC") issued a Declaratory Order and Opinion preempting MPUC from imposing its proposed regulations on Vonage. *See In re Vonage Holdings Corp. Petition for Declaratory Ruling Concerning an Order of the Minn. Pub. Util. Comm'n,* WC Docket No. 03–211, FCC 04–267, 2004 WL 2601194 (FCC rel. Nov. 12, 2004) ("FCC Order"). The FCC concluded that the interstate and interstate components of Vonage's service are inseverable, such that it is not possible for MPUC to regulate the intrastate component of the service without impermissibly regulating the interstate component. *See id.* ¶ 31. We sought supplemental briefing on the impact, if any, of the FCC Order on our disposition of this case. Because we conclude that the FCC Order is binding on this Court and may not be challenged in this litigation, we now affirm the judgment of the district court on the basis of the FCC Order.

The Administrative Orders Review Act ("Hobbs Act") prescribes the sole conditions under which the courts of appeals have jurisdiction to review the merits of FCC orders. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *see also FCC v. ITT World Communications,* 466 U.S. 463, 468–69, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984). An aggrieved party may invoke Hobbs Act jurisdiction by filing a petition for review of the FCC's final order in an appropriate court of appeals naming the United States as a party. *See* 28 U.S.C. § 2342; *id.* § 2344. No collateral attacks on the FCC Order are permitted. *Id.* The case before us is not a Hobbs Act petition for review. Therefore, this is not the appropriate forum for MPUC to dispute their merits of the FCC's filing. *See United States v. Any and All Radio Station Transmission Equip.,* 207 F.3d 458, 463 (8th Cir.2000).

Therefore, we conclude that the FCC's order preempting MPUC's order dispositively supports the District Court's injunction. In the event that MPUC or another aggrieved party prevails in a Hobbs Act petition for review, MPUC remains free to challenge the injunction at that time. The judgment of the District Court is hereby AFFIRMED.